IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DARIUS ANDRE BACCHUS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 1:19-CV-00121-BU |
| v. § | |
| § | |
| RICKY BISHOP, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Darius Andre Bacchus ("Bacchus"), proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 on June 6, 2019. Dkt. No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of referral, this civil action was referred to the undersigned United States Magistrate Judge. Dkt. No. 11. Bacchus has not consented to proceed before a magistrate judge.

Therefore, in accordance with the Court's transfer order, the undersigned enters these findings and conclusions, and recommends that Bacchus's claims in this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

I. BACKGROUND

In his Complaint, Bacchus alleges that Taylor County Sheriff Ricky Bishop and employees at the Taylor County Detention Center failed to allow him to practice his religion, Islam, by not providing appropriate meals during Ramadan. Dkt. No. 2 at 3–4.

1

The Court granted Bacchus leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915. Dkt. No. 6.  Because Bacchus brings his suit against government officials, his complaint is also subject to screening under 28 U.S.C. § 1915A.

On May 11, 2021, the Court entered an order noting that Bacchus filed a change of address showing he is no longer incarcerated in any jail or prison facility, and that under the PLRA, he was therefore now required to pay the full filing fee if he wished to pursue his case further. Dkt. No. 17.

On May 21, 2021, that order, mailed to Bacchus at his last known residential address on file with the Court, was returned as unopened, undeliverable mail.  Dkt. No. 18.

## II.  DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or

omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate in the instant case. Under the local civil rules of this Court, Bacchus is obligated to keep the Court apprised of his current address. *See* N.D. Tex. Civ. R. 1.1(c)(2), 83.13 & 83.14. In this case, the Court issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change – You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written notice of address in your case." Dkt. No. 5. The Court's order granting Bacchus leave to proceed *in forma pauperis* likewise required Bacchus to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk." Dkt. No. 6 at 2. "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution." *Id*.

Bacchus has failed to provide an updated address by which the Court may contact him, as previously ordered, and this case cannot proceed without a reliable means of contacting Bacchus. The Court is not required to delay the disposition of this case until such time as Bacchus updates his mailing address and complies with the Court's previous orders.

### III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Bacchus's complaint and all claims alleged therein be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:19-CV-00121-C.

## IV. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 21st day of May, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE